# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA RILEY,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:21-cv-00420-SAB<br><br>ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE AND REQUIRING PLAINTIFF TO FILE LONG FORM APPLICATION<br><br>(ECF No. 2)<br><br>TWENTY DAY DEADLINE |

    Emma Riley ("Plaintiff") filed a complaint in this action seeking review of the final decision of the Commissioner of Social Security denying disability benefits. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, Plaintiff's application does not provide sufficient information for the Court to determine if she is entitled to proceed in this action without prepayment of fees. Plaintiff indicates that she is supported by her husband and their family income is $1,804.00 per month. (ECF No. 2.)

    In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S.

1 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

Based on the income reported which is $1,804.00 per month, Plaintiff's household income is $21,648.00 per year. The 2021 Poverty Guidelines for the 48 contiguous states for a household of two is $17,420.00. 2021 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited March 15, 2021). Based on the information provided, it does not appear that Plaintiff is entitled to proceed without prepayment of fees in this action.

Accordingly, the Court will order Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. If Plaintiff is unwilling to complete and submit the long form application, Plaintiff must pay the filing fee in full.

Based upon the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is DENIED without prejudice;
2. The Clerk of the Court is directed to forward an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 to Plaintiff;
3. Within **twenty (20) days** of the date of this order, Plaintiff shall either (1) pay the $402.00 filing fee for this action, or (2) complete and file the enclosed

        Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239; and

4. If Plaintiff fails to comply with this order, this action shall be dismissed for failure to pay the filing fee and failure to comply with a court order.

IT IS SO ORDERED.

Dated: __**March 16, 2021**__

                                      UNITED STATES MAGISTRATE JUDGE